UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SHANNON KRUEGER,     Case No. 17-cv-1213

        Plaintiff,

vs.

FREEDOM MORTGAGE
CORPORATION; EXPERIAN
INFORMATION SOLUTIONS, INC;
EQUIFAX INFORMATION
SERVICES, LLC.; AND TRANS
UNION LLC,

        Defendants.

## COMPLAINT

NOW COMES, Plaintiff Shannon Krueger, by and through her attorneys, DeLadurantey Law Office, LLC and complains of Defendants Freedom Mortgage Corporation, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC, and alleges to the best of her knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1.     This lawsuit arises from incorrect credit reporting and collections.

2.     Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

## Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## Parties

6. Plaintiff Shannon Krueger (hereinafter "Ms. Krueger") is a natural person who resides in the city of Milwaukee, County of Milwaukee, State of Wisconsin.

7. Defendant Freedom Mortgage Corporation ("Defendant Freedom Mortgage") is a foreign corporation with a principal office of 907 Pleasant Valley Avenue, Mt. Laurel, NJ 08054, and a registered agent of CT Corporation System, 301 S. Bedford St., Suite 1, Madison, WI 53703.

8. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

9. Defendant Experian Information Solutions, Inc. is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

10. Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign corporation with a principal office of 1550 Peachtree St. NW, Atlanta, GA 30309, and a registered agent office of Corporation Service Company., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

11. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

12. Defendant Trans Union LLC ("Defendant Trans Union") is a foreign corporation with a principal office of 555 West Adams, Chicago, IL 60661, and a registered agent office of The Prentice-Hall Corporation System, Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

13. Defendant Trans Union is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

**Factual Allegations**

14. In or around June, 2011, Ms. Krueger obtained a mortgage from Ocwen Loan Servicing, LLC.

15. In or around February, 2016, Ms. Krueger paid off the mortgage in the form of a discounted payoff.

16. After the loan was paid off, the servicing of the account (even though nothing was owed) was transferred to Defendant Freedom Mortgage.

17. After the she paid off the mortgage, Ms. Krueger obtained her credit report from Defendants Experian, Equifax, and Trans Union, which showed a balance for a mortgage account with Defendant Freedom Mortgage.

18. Defendant Freedom Mortgage was reporting the account with a balance of $122,703.

19. After discovering this, Ms. Krueger contacted Defendants Experian, Equifax, and Trans Union on multiple occasions to let them know that had paid off her mortgage with Ocwen Loan Servicing, LLC, and that she had never opened an account with Defendant Freedom Mortgage. She included information of the payoff in her disputes.

20. Defendant Freedom Mortgage responded to requests from Defendants Equifax, Experian, and Trans Union, verifying that a balance was owed.

21. Defendants Experian, Equifax, and Trans Union allowed the incorrect information to remain on Ms. Krueger's credit file.

**Count 1 – Violations of the FCRA, Defendant Experian (15 U.S.C. §1681)**

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Krueger to current and potential creditors.

25. Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Krueger's consumer credit file, by falsely reporting that she owed a balance to Defendant Freedom Mortgage and by failing to conduct a reasonable reinvestigation with respect to the information provided by Ms. Krueger that she did not owe anything on the account.

26. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her ability to borrow and emotional distress in an amount to be determined at trial.

27. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

28. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

### Count 2 – Violations of the FCRA, Defendant Equifax (15 U.S.C. §1681)

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant Equifax also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

31. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Krueger to current and potential creditors.

32. On one occasion, Defendant Equifax erroneously sent Ms. Krueger's dispute to Ocwen Loan Servicing, LLC for verification, rather than to Defendant Freedom Mortgage.

33. Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Krueger's consumer credit file, by falsely reporting that she owed a balance to Defendant Freedom Mortgage and by failing to conduct a reasonable reinvestigation with respect to the information provided by Ms. Krueger that she did not owe anything on the account.

34. As a result of Defendant Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her ability to borrow and emotional distress in an amount to be determined at trial.

35. Defendant Equifax's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 3 – Violations of the FCRA, Defendant Trans Union (15 U.S.C. §1681, *et seq.*)**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Defendant Trans Union also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

39. Defendant Trans Union prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Ms. Krueger to current and potential creditors.

40. Defendant Trans Union violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Ms. Krueger's consumer

credit file, by falsely reporting that she owed a balance to Defendant Freedom Mortgage and by failing to conduct a reasonable reinvestigation with respect to the information provided by Ms. Krueger that she did not owe anything on the account.

41. As a result of Defendant Trans Union's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to her ability to borrow and emotional distress in an amount to be determined at trial.

42. Defendant Trans Union's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant Trans Union's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 4 – Violations of the FCRA, Defendant Freedom Mortgage (15 U.S.C. §1681)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant Freedom Mortgage prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Ms. Krueger, as defined in the FCRA.

45. Defendant Freedom Mortgage violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Ms. Krueger's credit report to accurately reflect that she did not owe a balance or to remove the account entirely.

46. As a result of Defendant Freedom Mortgage's failures to correct their erroneous and derogatory credit reporting, Ms. Krueger has suffered a detriment to her ability to borrow and

7
Case 2:17-cv-01213-NJ    Filed 09/07/17    Page 7 of 9    Document 1

emotional distress in an amount to be determined at trial constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

47. Because Defendant Freedom Mortgage disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Ms. Krueger to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

48. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### **Trial by Jury**

49. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Ms. Krueger prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against all Defendants;

B. Statutory and punitive damages against all Defendants pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against all Defendants;

D. For such other and further relief as may be just and proper.

Dated this 7th day of September, 2017.

/s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

*Attorneys for the Plaintiff*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Shannon Krueger, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Shannon Lynn Krueger (Sep 6, 2017)

Shannon Krueger